UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| NOVELLA DAVIDA TASCOE | ) CASE NO. 18-58035-PMB |
| | ) |
| | ) |
| DEBTOR. | ) |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

COMES NOW Melissa J. Davey, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

2. The Debtor has failed to provide copies of all pay advices received within sixty (60) days of filing the instant case, in violation of 11 U.S.C. Section 521(a)(1)(B)(iv).

3. In accordance with General Order Nos. 18-2015 and/or 22-2017 and the Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $300.00 per month child support income, $11,012 per month full-time income, and all of Debtor's rental income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

4. The Trustee requests proof of all expenses associated with Debtor's rental properties reflected on Debtor's schedules in order to determine whether the Plan complies with 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

5. The Debtor has failed to provide the Trustee with a copy of the federal income tax return for the most recent tax year ending immediately before the commencement of the instant case in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

6. The Trustee requests proof that Debtor has paid the post-petition mortgage payments for all of Debtor's real properties in order to determine whether the Plan complies with 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

7. The Debtor should provide proof of the fair market value of all of Debtor's real properties so the Trustee may conduct a hypothetical liquidation analysis. 11 U.S.C. Sections 1325(a)(3) and 1325(a)(4).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

8. Although Debtor earns income from rental properties, the Chapter 13 budget and schedules do not include an itemization for business expenses, preventing the Trustee from fully evaluating good faith, feasibility, and/or disposable income in violation of 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), 1325(a)(7) and 1325(b). Debtor should list gross rental income on Schedule I and itemize all expenses on Schedule J.

9. The Debtor's proposal to fund automobile debt totaling $37,473.04 for a Land Rover purchased on or about December of 2017 in a zero percent (0%) composition plan may indicate lack of good faith and may violate 11 U.S.C. Sections 1325(a)(3) and 1325(a)(7).

10. The Debtor's Chapter 13 Plan fails to provide for an increase in plan payments when the direct payments of $55.00 per pay period for Debtor's retirement loan end in late 2019, in possible violation of 11 U.S.C. Sections 1325(a)(3), 1325(b)(1)(B) and 1325(b)(2)(A).

11. The Debtor's Plan proposes to fund an unsecured personal property lease debt owed to Nissan at the rate of $400.00 per month, while proposing a zero percent (0%) dividend to unsecured creditors in possible violation of 11 U.S.C. Section 1325 (a)(3).

12. The Chapter 13 Plan is not feasible and the Trustee cannot administer the Plan, as the sum of monthly payments to creditors and/or attorneys' fees is greater than the monthly plan payment. 11 U.S.C. Section 1325(a)(6).

13. The Chapter 13 Trustee is unable to administer the Chapter 13 Plan, as it appears the step in Plan payments is incorrect. The Plan should be amended to clarify the Plan payments and/or to provide additional information to allow administration of the Plan.

14. The Chapter 13 Plan fails to provide treatment of the filed secured claim of U.S. Bank/Wells Fargo (arrears), in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

15. Section 3.6 of the proposed Chapter 13 plan either (1) fails to provide an interest rate to be applied to any allowed secured claims not treated specifically under the plan, preventing the Trustee from properly administering the plan, or (2) improperly crams down the interest rate to less than the current national prime interest rate. 11 U.S.C. Section 1325(a)(5)(B). *See Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

16. Debtor has failed to file a Certificate of Service regarding the Chapter 13 Plan and/or the filed Certificate of Service fails to indicate service on all entities listed on the Mailing Matrix in violation of F.R.B.P. 3015, 2002 and NDGA Bankruptcy Court General Order 21-2017, Section 4.2.

17. Debtor has failed to file a Certificate of Manner of Service showing proper service pursuant to Federal Rules of Bankruptcy Procedure 2002, 3015, and 7004 in violation of NDGA Bankruptcy Court General Order 21-2017.

18. The Chapter 13 Trustee is unable to administer the Plan, as Section 1.3 and Section 8 of the Chapter 13 Plan are inconsistent regarding non-standard provisions.

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

19. The Chapter 13 plan proposes to pay $5,520.00 to the Debtor's Attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and would request that Debtor's counsel appear at confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

20. The Plan and/or Rule 2016(b) Disclosure Statement fail to contain provisions regarding attorney's fees that comply with the specificity requirements of General Orders 18-2015 and/or 22-2017, given that it does not take into account attorney fees paid up front.

21. Debtor has retained possession and/or use of three (3) credit cards without court approval in violation of 11 U.S.C. Sections 1305(c), 1325(a)(1), 1325(a)(3), 1325(a)(7), and 364.

22. Pursuant to Debtor testimony at the Meeting of Creditors, the Debtor purchased $10,000.00 in equipment and materials for a business, Goddess Body Sculpting and Beauty Spa, owned by a friend of the Debtor, Mia Blake. Pursuant to Debtor's testimony, the Debtor owns no interest in this business, and received nothing in exchange for the purchase and gift of these materials. The Trustee requests all documentation available to the Debtor regarding the purchase and gift of these items on behalf of "Goddess Body Sculpting and Beauty Spa" and Ms. Blake. 11 U.S.C. Sections 546 and 548. The Trustee contends that this transaction should be disclosed on Debtor's Statement of Financial Affairs. Further, given the nature of the transaction and the fact Debtor's Plan provides no dividend for unsecured creditors, the Trustee questions whether the Debtor's Plan was filed in good faith. 11 U.S.C. Section 1325(a)(3).

23. Debtor's proposed Chapter 13 Plan proposes to retain three (3) pieces of real property, two (2) of which (real property commonly known as 5027 Upper Elm Street and real property commonly known as 8177 Sandpiper Way) are used to produce rental income for the Debtor. Pursuant to Debtor testimony at the Meeting of Creditors, neither property generates positive cash flow for the Debtor and, when considering future maintenance costs and likely disruptions in rental income, both properties will likely drain the estate of otherwise disposable income. As a result, the Trustee contends that neither property is necessary for an effective reorganization, and questions whether Debtor's Plan was filed in good faith. 11 U.S.C. Section 1325(a)(3).

24. On Debtor's Form B22C-1, Line 5, and Form B22C-2, Line 33d, Debtor appears to deduct regular monthly mortgage payment and other expenses associated with Debtor's Rental Properties twice. Debtor's Form B22C-1 and B22C-2 should be amended, to account for these expenses just once. 11 U.S.C. Section 1325(b).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ Jonathan S. Adams
Jonathan S. Adams
Attorney for Chapter 13 Trustee
GA Bar No. 979073

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: ) CHAPTER 13
NOVELLA DAVIDA TASCOE )
) CASE NO.: 18-58035-PMB
)
)
DEBTOR. )

18-58035-PMB    **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

    DEBTOR(S):
    NOVELLA DAVIDA TASCOE
    7963 STILLMIST DRIVE
    FAIRBURN, GA  30213

    DEBTOR(S) ATTORNEY:
    SLIPAKOFF & SLOMKA, PC
    OVERLOOK III, SUITE 1700
    2859 PACES FERRY RD, SE
    ATLANTA, GA  30339

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Friday, July 6, 2018

/s/
Jonathan S. Adams
GA Bar No. 979073
Attorney for Melissa J. Davey, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:    678-510-1450